PER CURIAM.
This matter came before us on an application for supervisory writs, complaining of an order rendered by the trial court on a pre-trial motion. Defendant had moved to present to the jury an agreement of compromise executed in settlement of plaintiff’s claim arising out of an accident which occurred after the accident here in litigation. The trial court refused to allow evidence of the settlement or the amount thereof. This court granted supervisory writs and issued the following order:
MANDAMUS
IT IS ORDERED that the Honorable Melvin G. Duran, Judge, vacate his ruling of November 22, 1977, on the admissibility of the fact of the settlement between plaintiff and Hartford Accident & Indemnity Company.
The fact of a second accident (possibly causing damages similar to those complained of in a first accident) and any medical evidence relating thereto is admissible because relative to quantum of damages caused by the first. That a claim arising *639 out of the second accident has been settled is also admissible for the purpose of showing that there is no longer a pending claim against the second tortfeasor (or, as here, a solvent uninsured motorist insurer answerable for him).
Existence of two claims against solvent defendants tends to keep the claimant unbiased in his testimony of complaints relative to either accident. Settlement of one claim so as to exclude one of the solvent defendants might tend to make the claimant, even subconsciously, shade his testimony to attribute complaints to the accident in which the claim is still pending. The fact of the settlement therefore bears on credibility and is admissible.
Unless the remaining solvent defendant is liable to the other for, or is entitled to credit for, some portion of the settlement, the amount of the settlement is irrelevant. The amount represents the judgment of persons who are not the triers of fact in the case being tried.